THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT GARRISON, Relator, *v.* JOSEPH H. WILSON, as Warden of Great Meadow Prison, Comstock, New York, Respondent.

Supreme Court, Special Term, Washington County, August 25, 1941.

*Robert Garrison*, relator, in person.

*John J. Bennett, Jr., Attorney-General* [*Everett D. Mereness, Assistant Attorney-General,* of counsel], for the respondent.

LAYDEN, J. The relator, now an inmate of Great Meadow Prison, was sentenced on October 24, 1927, to Clinton Prison for the term of his natural life. It appears from the copy of the clerk's minutes, attached to the return herein, that he was arraigned upon a charge of forgery in the second degree, and that in his statement to the clerk he admitted that he had been convicted of three previous felonies. It was by reason of the fact that the forgery conviction made a total of four felonies, which the defendant

had committed and been convicted of, that the life sentence was imposed.

On December 18, 1930, the sentence of the relator was commuted by the Governor to a term of three years, one month, twenty-five days minimum to life maximum, and he was released on parole on December 23, 1930

By reason of a conviction of another felony in the State of Connecticut in January, 1935, and upon the completion of his sentence for the commission of that crime, he was returned to Great Meadow Prison for a violation of his parole on December 13, 1940. He is now being held by virtue of the life sentence which is the same term provided for in the Governor's commutation.

The petition herein for the writ of habeas corpus is defective in that it contains but very little of the matters required by section 1234 of the Civil Practice Act, and the proceeding might well be dismissed upon that ground. However, I prefer to dispose of the same upon the merits.

The petitioner bases his right to relief mainly upon the ground that some of the previous convictions were improper. If such were the case his remedy was by appeal and the convictions cannot be reviewed in a habeas corpus proceeding.

There appears herein the question as to whether or not the relator was properly sentenced as a fourth offender. The papers before me show that an information, as required by section 1941 of the Penal Law, was filed. It further appears that previous to sentence being imposed the defendant admitted his conviction of three previous felonies. There is nothing to show that the defendant was informed of the allegations contained in the information charging him with being a fourth offender, and of his right to be tried as to the truth thereof according to law. Neither is there anything before me to show that such procedure was not followed.

Under the circumstances here it would seem that the opinion of the Appellate Division, Fourth Department, in *People ex rel. Kruger* v. *Hunt* (257 App. Div. 917) is particularly applicable. In that case the court said: " In view of the lateness of time in which this question is raised, during which records have legally been destroyed, and considering the ordinary frailties of memory and the interests of the relator, we are of the opinion that the county judge was justified in disbelieving the bare statements of the relator that he was not advised of his right to counsel at the time of his arraignment in 1922. In the absence of convincing proof of the absence of the constitutional requirement, the presumption of regularity prevails."

In this case the question was whether or not the relator had been advised of his right to counsel. In the instant case there is no question as to constitutional rights, the only question being whether or not the required statutory procedure was followed. Inasmuch as the relator was sentenced nearly fourteen years ago, and no question has been raised by him until this time, and furthermore because there is no convincing proof of the absence of the statutory requirements, the presumption of regularity must prevail.

The writ is dismissed.