THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FREDERICK DUELL, Defendant.

County Court, Ontario County, May 11, 1945.

*Edward J. Gretchen* for defendant.

*M. Maurice Chacchia, Special District Attorney,* for plaintiff.

BRASSER, J. The defendant is confined in State Prison under a judgment of conviction for a felony, as a second offender. He makes application that the sentence be set aside and revoked as illegal and that he be resentenced as a first offender. He attacks the legality of the first conviction for attempted burglary in the third degree on his plea of guilty November 8, 1937, on the ground that he was not informed of his right to counsel pursuant to section 308 of the Code of Criminal Procedure. He argues that he is therefore a first offender and should have been sentenced as such upon his last plea.

" In the absence of *convincing proof* of the absence of the constitutional requirement, the presumption of regularity prevails." (Italics supplied.) (*People ex rel. Kruger* v. *Hunt,* 257 App. Div. 917.)

" The original stenographic notes, taken by a stenographer, are part of the proceedings in the cause." (Judiciary Law, § 292. Also, see Code Crim. Pro., § 456.)

These notes show that the indictment was read charging defendant with the crime of attempted burglary in the third degree. Questions were then asked and answers received as follows: " The Court: Do you want a lawyer? Defendant: No. The Court: How do you plead? Defendant: Plead guilty. The Court: Sit down. I will pass sentence later this afternoon."

In my opinion, the foregoing colloquy clearly meets the requirements of section 308 of the Code of Criminal Procedure. The defendant was properly informed of his right to counsel.

Defendant depends upon his memory as to what actually occurred at the time of his arraignment more than seven years ago. This is not the " convincing proof " sufficient to justify a collateral attack upon the first conviction.

Particularly is this so in light of the court records, which clearly indicate that the statutory requirements were met. (*People ex rel. Kruger* v. *Hunt* (*supra*); *People ex rel. Stubkjaer* v. *Morhous,* 266 App. Div. 695.)

Where " The petitioner bases his right to relief mainly upon the ground that some of the previous convictions were improper * * * his remedy was by appeal * * *." (*People ex rel. Garrison* v. *Wilson,* 176 Misc. 1040, 1041.)

The application is denied. An order may be entered denying the application and directing the sheriff to return the defendant to Attica State Prison.